# 10-4319

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

### UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

### GEORGE ALLEN WARD,

*Defendant-Appellant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

### BRIEF FOR THE DEFENDANT-APPELLANT

**FELDMAN AND FELDMAN**
*Attorneys for Defendant-Appellant*
*George Allen Ward*
*626 Reckson Plaza*
*West Tower, 6th Floor*
*Uniondale, New York 11556*
*(516) 522-2828*

Echo Appellate Press, Inc. • 30 West Park Avenue • Long Beach, New York 11561 • (516) 432-3601

Printed on Recycled Paper                    17497

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . I

STATEMENT OF SUBJECT MATTER
     AND APPELLATE JURISDICTION . . . . . . . . . . . . . . 1

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . 10

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

POINT I:

     REMAND IS WARRANTED BECAUSE,
     NOTWITHSTANDING A REQUEST BY
     APPELLANT, TRIAL COUNSEL FAILED TO
     FILE A NOTICE OF APPEAL FROM THE
     RESENTENCE, RENDERING HIM *PER SE*
     INEFFECTIVE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION:

     THE MATTER SHOULD BE REMANDED TO
     THE DISTRICT COURT . . . . . . . . . . . . . . . . . . . . . . 20

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF COMPLIANCE WITH
     TYPEFACE AND LENGTH LIMITS
     PURSUANT TO FRAP 32(A)(7)(c) . . . . . . . . . . . . . 22

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . 23

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531,
159 L. Ed. 2d 403 (2004) . . . . . . . . . . . . . . . . . . . . . . . 6

*Bunch v. Thompson*, 949 F.2d 1354 (4th Cir. 1991) . . . . . . 11

*Fontaine v. United States*, 411 U.S. 213, 93 S. Ct. 1461,
36 L. Ed. 2d 169 (1973) . . . . . . . . . . . . . . . . . . . . . 18,19

*Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978) . . . . . . . . . 14

*Peguero v. United States*, 526 U.S. 23, 119 S. Ct. 961,
143 L. Ed. 2d 18 (1999) . . . . . . . . . . . . . . . . . . . . . . . 14

*Rodriquez v. United States*, 395 U.S. 327, 89 S. Ct.
1715, 23 L. Ed. 2d 340 (1969) . . . . . . . . . . . . . . . . . . 14

*Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029,
145 L. Ed. 2d 985 (2000) . . . . . . . . . . . . . . . . . . . . 12,16
17,18

*Strickland v. Washington*, 466 U.S. 668, 80 L. Ed.
2d 674, 104 S. Ct. 2052 (1984) . . . . . . . . . . . . . . . . . 11

*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738,
160 L. Ed. 2d 621 (2005) . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Christy*, 3 F.3d 765 (4th Cir. 1993) . . . . . . 13

*United States v. Edgerton*, 282 Fed. Appx. 287
(4th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Miller*, 318 Fed. Appx. 200, 201
(4th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

i

*United States v. Peak*, 992 F.2d 39 (4th Cir. 1993) . . . . . . . 13

*United States v. Poindexter*, 492 F.3d 263
    (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13,15

*United States v. Proffitt*, 240 Fed. Appx. 596, 597
    (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Reyes*, 759 F.2d 351 (4th Cir. 1985) . . . . . 13

*United States v. Urutyan*, 564 F.3d 679 (4th Cir. 2009) . . . 12

## FEDERAL STATUTES

18 U.S.C. §922(g)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 924(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 3582(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

21 U.S.C. § 841(a)(1) & (b) . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,6
                                               8,15

Fed. R. App. P. 4(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . 12

Procedure and Federal Rules of Appellate
    Procedure 4(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

i. The basis for subject matter jurisdiction in the District Court was 28 U.S.C. § 2255.

ii. The basis for jurisdiction in the Court of Appeals is 28 U.S.C. § 2255.

iii. The District Court entered judgment from the resentencing on November 9, 2009. It denied Appellant's petition on February 5, 2010, and his motion for reconsideration on March 2, 2010. Appellant filed a *pro se* notice of appeal on March 9, 2010.

iv. This appeal is from a final judgment that disposes of all claims with respect to George Allen Ward.

<u>STATEMENT OF ISSUES</u>

1. Is remand warranted because, notwithstanding a request by Appellant, trial counsel failed to file a notice of appeal from the resentence, thus rendering him *per se* ineffective?

STATEMENT OF THE CASE

Appellant, George Allen Ward, appeals from both his resentence, on November 2, 2009, and from the denial of his motion to obtain credit for time served, on February 5, 2010, in the United States District for the Eastern District of Virginia (Hon. Henry Coke Morgan, Jr.).

## STATEMENT OF FACTS

### Procedural History

On December 8, 1994, Defendant pleaded guilty to three counts of possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)(Counts 1, 4 and 5), two counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b) (Counts 7 and 9), and one count of use of a firearm, in violation of 18 U.S.C. § 924(c)(Count 8).

On March 10, 1995, the United States District Court for the Eastern District of Virginia sentenced Defendant to 60 months' imprisonment and three years' supervised release on Counts 1, 4 and 5, two hundred months' imprisonment and five (5) years' supervised release on Counts 7 and 9, to run concurrently with Counts 1, 4 and 5, sixty months' imprisonment on Count 8, to run consecutively with all other counts; and three (3) years' supervised release on Count 8, to run concurrently with all other counts.

4

On January 13, 1998, the Court corrected its judgment to reflect that Defendant's criminal history was VI, rather than V, pursuant to Rule 36 of the Federal Rule of Criminal Procedure.

Defendant thereafter moved, several times, for a downward sentencing departure under Rule 35(b) of the Federal Rules of Criminal Procedure. Defendant's May 17 and June 16, 1999, and March 31, 2000, requests were each denied by the Court. *See* Docket Sheet, Entries 56-59, 63 and 65.

When the District Court denied his motion to reconsider its denial of his March 31, 2000 motion, the Defendant appealed the Court's decision. *See* Docket Sheet, Entries 66-67. The Fourth Circuit Court of Appeals dismissed his appeal, denied his request to file a successive § 2255 petition, and denied his motion for a rehearing *en banc*. *See* Docket Sheet, Entries 66-74.

On November 1, 2004 and, again, on March 4, 2005, Defendant moved to modify his sentence, pursuant to 18 U.S.C. § 3582(c)(2). *See* Docket Sheet, Entries 75 and 79. These motions both challenged Defendant's sentence under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005),

5

and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The Court denied the former motion and dismissed the latter motion as a successive petition under 28 U.S.C. § 2255. *See* Docket Sheet, Entries 76 and 80.

On May 12, 2005, Defendant asked the Court to reconsider its dismissal of his March 2005 motion. *See* Docket Sheet, Entry 81. On July 5, 2005, the Court dismissed this motion to reconsider as another successive § 2255 motion. *See* Docket Sheet, Entry 85.

On October 26, 2005, this Court dismissed Defendant's appeal of the dismissal of his March 2005 motion, and denied him permission to file a successive § 2255 motion. *See* Docket Sheet, Entries 86, 87.

Following additional litigation, Defendant moved, on September 27, 2007, to retroactively apply the Sentencing Guidelines to his crack cocaine offense. *See* Docket Sheet, Entry 109. On April 8, 2008, the District Court granted Defendant's motion to reduce his sentence on Counts 7 and 9 to 160 months' imprisonment, to be served concurrently with his 60-month

6

sentence on Counts 1, 4 and 5, and consecutively with his 60-month sentence on Count 8.

<u>The Instant Appeal</u>

On November 2, 2009, Appellant was resentenced pursuant to the mandate filed on September 18, 2009. This time, he was sentenced to concurrent terms of 200 months under Counts 7 and 9. *See* Docket Sheet, page 18-19. An amended judgment was filed on November 9, 2009. *See* Docket Sheet, Entry 123. Defense counsel, however, never filed a notice of appeal from this judgment.

On January 1, 2010, Appellant filed a seven-page, handwritten petition with the District Court, in which he sought an order for credit for time served from the federal sentence to be applied to the state sentence he is presently serving. The Court "emphathize[d]" with Defendant, and noted he had raised this "argument ... at resentencing" (Order: 2), yet ruled that "a federal district court does not have the authority to order a state court or the state department of corrections grant [sic] a defendant credit for time served in federal custody" (Order: 2).

7

On February 5, 2010, the District Court denied his motion and, on March 2, 2010, it denied his motion for reconsideration *See* Docket Sheet, Entries 125, 127.

Ward then filed a *pro se* notice of appeal on March 9, 2010. *See* Docket Sheet, Entry 129. In the notice, he explained to the District Court that, "[a]fter [re]sentencing[,] the Petitioner Ward requested of the court appointed attorney to appeal the decision for him, therefore up until this moment he has failed to confer [with] the Petitioner have yet to hear anything from attorney Larry Dash."

Had counsel filed the notice of appeal, Ward continued, he would have argued, on appeal, that (1) trial counsel was ineffective; (2) no *Booker* argument was raised; and (3) that credit for time served that was not applied to his federal custody should apply to his state custody.

Ward noted, in his *pro se* notice of appeal that, while the District Court was still referring to his case as "*George Allen Ward v. Patricia Stansberry*," as if it were a 28 U.S.C. §2255 case, it should be styled as "*United States of America v. George Allen*

8

*Ward*," because he sought a direct criminal appeal to challenge his resentence. He then requested "further attorney assistance" under the Criminal Justice Act, on appeal, to substitute for trial counsel.

## SUMMARY OF ARGUMENT

Remand is warranted because, notwithstanding a request by Appellant, trial counsel failed to file a notice of appeal from the resentence, rendering him *per se* ineffective.

Although Appellant informed the District Court, in writing, that trial counsel had failed to file the notice of appeal, it never addressed this in its order denying Appellant credit for time served.

ARGUMENT

POINT I

REMAND IS WARRANTED BECAUSE, NOTWITHSTANDING A REQUEST BY APPELLANT, TRIAL COUNSEL FAILED TO FILE A NOTICE OF APPEAL FROM THE RESENTENCE, RENDERING HIM *PER SE* INEFFECTIVE.

Standard of Review

"The standard of review for ineffective assistance of counsel claims is a familiar one." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Under *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), in order to establish a violation of his Sixth Amendment rights, Ward must show that his counsel's performance was deficient and that the deficiency so prejudiced his defense that it deprived him of a fair hearing.

Discussion of Issues

On November 2, 2009, Appellant was resentenced pursuant to the mandate filed on September 18, 2009. The District Court sentenced him to concurrent terms of 200 months under Counts 7 and 9. *See* Docket Sheet Entry, page 18-19. An amended judgment

11

was filed on November 9, 2009. *See* Docket Sheet, Entry 123. After being resentenced, Ward asked trial counsel to file a notice of appeal, yet he did not do so.

This violated Ward's right to the effective assistance of counsel. In order to establish a Sixth Amendment violation based on counsel's failure to appeal, Ward must prove that (1) counsel was ineffective and (2) but for counsel's ineffectiveness, an appeal would have been filed. *See Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

Here, Ward meets this standard. After Appellant was sentenced, he filed a *pro se* notice of appeal,[1] in which he

---

[1]. The amended judgment was entered on November 9, 2009. *See* Docket Sheet, Entry 123. Appellant filed his *pro se* notice of appeal on March 9, 2010, from both the denial of his unnamed petition, and from his criminal judgment. *See* Docket Sheet, Entry 127.

Clearly, however, a defendant's notice of appeal in a criminal case must be filed within ten days after the entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A). Defense counsel here thus had until November 19, 2009 to file his notice of appeal, but failed to do so. *United States v. Urutyan*, 564 F.3d 679, 683 (4th Cir. 2009)("The notice was not timely. Appellate Rule 4(b)(1)(A) imposes a ten-day deadline on the filing of a notice of appeal in criminal cases, and Urutyan never requested an extension of that deadline").

12

explicitly informed the District Court that, despite asking trial counsel to file the notice of appeal, he failed to do so. Counsel's failure to file the appeal, after being instructed by his client to do so, is *per se* ineffective. *Flores-Ortega*, 492 F.3d at 483. *See also United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993)(the Sixth Amendment obligates counsel to file an appeal when his client requests him to do so and the failure to do so constitutes

---

Even after the ten day period, defense counsel did not move to extend the appeal period by making a showing of excusable neglect or good cause. Rule 4(b)(4). *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985).

Appellant *pro se*, however, actually complied with this Court's timeliness rules, because his *pro se* notice of appeal, in which he informed the Court that counsel had failed to file the notice, was filed on March 9, 2010, within ten days of the District Court's denial of his motion for reconsideration of his undenominated petition.

Although the Federal Rules of Criminal Procedure and Federal Rules of Appellate Procedure 4(b) do not provide for tolling of the ten-day appeal period for the filing of a motion for reconsideration, this Court has held that the filing of such a motion delays the time period for filing the notice of appeal until after the motion has been ruled upon. *United States v. Christy*, 3 F.3d 765, 767 n.1 (4th Cir. 1993) (*citing United States v. Ibarra*, 502 U.S. 1, 4 n.2, 112 S. Ct. 4, 116 L. Ed. 2d 1 (1991)).

ineffective assistance of counsel, regardless of the likelihood of success on the merits).

If nothing else, *Flores-Ortega* reaffirms the principle that an attorney is not at liberty to disregard the appellate wishes of his client. *See Peguero v. United States*, 526 U.S. 23, 28, 119 S. Ct. 961, 143 L. Ed. 2d 18 (1999)("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"); *Rodriquez v. United States*, 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969)(holding that an attorney who disregards his client's instruction to file a timely notice of appeal acts in a professionally unreasonable manner).

Even after Ward informed the District Court that he had asked defense counsel to file a notice of appeal, it never addressed this issue in its order denying Appellant credit for time served.[2]

---

[2]. The District Court, which must liberally construe *pro se* submissions, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), could treat Appellant's *pro se* letter as a § 2255 petition. *United States v. Miller*, 318 Fed. Appx. 200, 201 (4th Cir. 2009)("the district court's order den[ied] relief on his letter that the court construed as a 28 U.S.C. § 2255 (2006)"); *United States v. Proffitt*, 240 Fed. Appx. 596, 597 (4th Cir. 2007)("The district

Ironically, Ward underscored his dissatisfaction with trial counsel's failure to file a notice of appeal by imploring the District Court to stop referring to his case as "*George Allen Ward v. Patricia Stansberry*," as if the entire resentencing case sounded in a 28 U.S.C. §2255 action, when it should have been styled, simply, as "*United States of America v. George Allen Ward*," because it was nothing more than a direct criminal appeal from his resentence. Yet the District Court ignored this as well.

Assuming, *arguendo*, the Court chose not to credit the Defendant's statements in his notice of appeal, it should have still held a hearing to determine if, when and under what circumstances Appellant had asked trial counsel to file a notice of appeal on his behalf. *United States v. Poindexter*, 492 F.3d 263, 272 (4th Cir. 2007)("Under our approach, when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of

---

court issued an order in accordance with *United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002), giving Proffitt notice and opportunity to respond before the court construed the letter as an initial 28 U.S.C. § 2255 (2000) motion").

appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed").

Because Ward can show that he "'reasonably demonstrated' that he expressed interest in appealing," *United States v. Edgerton*, 282 Fed. Appx. 287 (4th Cir. 2008), this Court should remand.

Indeed, rare is the defendant has expressed such zeal in having his trial attorneys file notices of appeal. In fact, since he was indicted, on October 20, 1994, the docket sheet reflects that Ward had countless notices of appeal filed. *See, e.g.*, Docket Sheet, Entries 49, 50, 67, 82, 87, 95, 116, 129.

Given this long history of aggressively challenging his conviction for sixteen years, it would be out of character–even shocking–for the Defendant to now, suddenly, order defense counsel to not file a notice of appeal from his resentence.

<u>Grounds for Appeal</u>

Although a defendant need not prove his "hypothetical appeal might have had merit," grounds for appeal are highly relevant in determining whether Ward has been prejudiced or even expressed a desire to appeal. *Flores-Ortega*, 528 U.S. at 485-486.

16

Here, it is obvious that Ward expressed a strong desire to appeal. He even told the District Court in his *pro se* notice of appeal--at a time when it could have recalled its order, and ruled on this dispositive issue–that he had asked his trial counsel to file a notice of appeal, but he had failed to do so.

But more important, Ward even told the District Court that he had three discrete issues he intended to raise on appeal, namely, that (1) trial counsel was ineffective; (2) that no *Booker* argument had been raised at sentence; and (3) that credit for time served that was not applied to his federal custody should apply to his state custody. Yet the District Court ignored all of this.

Significantly, Ward may have had a meritorious argument regarding credit for time served in federal custody; indeed, even Judge Morgan empathized with his claim. It is beyond peradventure that federal district judges do not empathize with defendants who waste the Court's time by raising frivolous claims.

Ward's two other points, regarding *Strickland* and *Booker*, need not be addressed with specificity here because, in *Flores-Ortega*, the Supreme Court held that the failure to file a

17

requested notice of appeal is *per se* ineffective assistance of counsel--with or without a showing that the appeal would have merit. *Flores-Ortega*, 528 U.S. at 483-86. The Court reasoned that "it is unfair to require an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit .... Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed." *Id*. at 486.

<u>Remand is Warranted</u>

Here, it is plain, from the contents of the *pro se* notice of appeal, that Ward asked counsel to file a notice of appeal. Remand is thus warranted, with instructions to direct trial counsel to file a notice of appeal.

Short of this finding, the District Court, which never resolved--let alone addressed--the question of whether Ward made an express request to his attorney for an appeal, should be directed, on remand, to make factual determinations on whether Appellant did, in fact, ask counsel to file a notice of appeal.

That would be consistent with the mandate of section 2255(b), which requires an evidentiary hearing on a motion

18

"[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In *Fontaine v. United States*, 411 U.S. 213, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973), the Supreme Court remanded for an evidentiary hearing because the Court determined that "[o]n this record, we cannot conclude with the assurance required by the statutory standard 'conclusively show' that under no circumstances could the petitioner establish facts warranting relief under § 2255." *Id.* at 215. The same applies here. Based on the arguably unresolved nature of Ward's claim, this Court should, at a minimum, remand for a hearing on this issue.

19

<u>CONCLUSION</u>

THE MATTER SHOULD BE REMANDED TO DISTRICT COURT.

Dated: April 7, 2010
        Uniondale, New York

*/s/ Arza Feldman*
Arza Feldman,
Steven A. Feldman
Feldman & Feldman

20

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

   *Appellee,*

  *v.*

GEORGE ALLEN WARD,

   *Appellant.*

## REQUEST FOR ORAL ARGUMENT

  Given the nature of the case, this Court may dispense with oral argument because the facts and legal contentions are adequately presented in the brief before the court and argument may not aid the decisional process. Counsel will, however, be pleased to orally argue the case, should the Court so request.

     */s/ Arza Feldman*
     Arza Feldman

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

═══════════════════════

UNITED STATES OF AMERICA,

        *Appellee,*

    *v.*

GEORGE ALLEN WARD,

        *Appellant.*

═══════════════════════

CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND
LENGTH LIMITS PURSUANT TO FRAP 32(A)(7)(c)

      I, Arza Feldman, hereby certify that, pursuant to Rule 32 of

the Federal Rules of Appellate Procedure, that this brief does not

exceed 30 pages, 1,300 lines or 14,000 words. Rather, it contains

23 pages, 576 lines and 3,589 words.

                                    */s/ Arza Feldman*
                                    Arza Feldman

22

**AFFIDAVIT OF SERVICE BY MAIL**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
--------------------------------------------------------------------x
United States of America,

                Plaintiff-Appellee,

        v.

George Allen Ward,

                Defendant-Appellant.
--------------------------------------------------------------------x
STATE OF NEW YORK: COUNTY OF NASSAU

THE UNDERSIGNED BEING DULY SWORN, DEPOSES AND SAYS:

DEPONENT IS NOT A PARTY TO THE ACTION, IS OVER 18 YEARS OF AGE
AND RESIDES IN LONG BEACH, NEW YORK.

THAT ON THIS ___*13*___ DAY OF ___*April*___ 2010

SERVED ___*1*___ COPIES OF THE ATTACHED:

ON:    (BRIEF) RECORD / APPENDIX / NOTE OF ISSUE

        Robert Edward Bradenham, II, Esq.
        Office of the United States Attorney
        721 Lakefront Commons
        Suite 300, Fountain Plaza 3
        Newport News, Virginia 23606-0000

AND SERVED ___*1*___ COPIES OF THE ATTACHED:

(BRIEF) RECORD / APPENDIX / NOTE OF ISSUE
ON:

        George Allen Ward
        26417-083 FCI Petersburg, P.O. Box 1000
        Petersburg, Virginia 23804

BY DEPOSITING A TRUE COPY OF SAME ENCLOSED IN A POSTPAID PROPERLY
ADDRESSED WRAPPER, IN A POST OFFICE, OR POST OFFICE BOX, OF
THE UNITED STATES POSTAL SERVICE ON ___*4/13/10*___.

DOCUMENTS HAVE BEEN DISPATCHED TO THE UNITED STATES COURT OF
APPEALS FOR THE FOURTH CIRCUIT VIA UNITED PARCEL SERVICE
OVERNIGHT SERVICE ON ___*4/13/10*___.

SWORN TO BEFORE ME THIS:

___*13*___ DAY OF ___*April*___ 2010    *Gayle Apple*

    *Victoria DeGennaro*        GAYLE APPLE
    VICTORIA DeGENNARO
    Notary Public, State Of New York
    No. 01DE6087047
    Qualified In Nassau County
    Commission Expires February 10, 20 *11*

23